UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x          15-CV-05864 (ENV)(VMS)

ARI HOFSTATTER, on behalf of himself and
all other similarly situated consumers,


                         Plaintiff

             -against-                                            ANSWER TO COMPLAINT



FORSTER & GARBUS, LLP,


                         Defendant

-------------------------------------------------------------x



   Defendant, FORSTER & GARBUS, LLP ("Defendant"), by its attorney ROBERT L.

ARLEO, ESQ., answering the Plaintiff's Complaint dated October 12, 2015 ("hereinafter

Plaintiffs' Complaint"), sets forth as follows:


   1. In regard to the allegations set forth in paragraph 1 of the Plaintiff's Complaint. Admit

      that the herein action was commenced pursuant to the Fair Debt Collection Practices Act

      ("FDCPA") but deny that the Defendant committed any violation of the FDCPA.


   2. Deny the allegations set forth in paragraphs 2, 25, 26, 28, 29, 30, 32, 33, 35, 36, 37, 51

      and 52 of the Plaintiff's Complaint.

3.  Admit the allegations set forth in paragraphs 8, 9, 10, 11, 12, 13, 16, 17, 22, 23, 27 and 34 of the Plaintiff's Complaint.

4.  The allegations set forth in paragraphs 3, 4, 5, 6, and 7 of the Plaintiff's Complaint are alleged statements of law to which no response is required.

5.  In regard to the allegations set forth in paragraphs 14 and 15 of the Plaintiff's Complaint, leave to the Court all determinations in regard to proper jurisdiction and venue.

6.  In regard to the allegations set forth in paragraph 18 of the Plaintiff's Complaint. The reiteration of the referenced message fails to set forth the full content of the message wherein the Defendant advises that it is a debt collector attempting to collect a debt. Plaintiff has failed to include that portion of the message in said paragraph 18 of his Complaint.

7.  In regard to the allegations set forth in paragraph 19 of Plaintiff's Complaint.
    Deny the allegation that the Plaintiff did not know the identity of the Defendant as the message expressly sets forth the name of the Defendant.

8.  In regard to the allegations set forth in paragraphs 20, 21 and 24. Deny these allegations as the message advised that the Defendant is a debt collector attempting to collect a debt. Plaintiff has failed to include that portion of the message in paragraph 18 of his Complaint.

9.  In regard to the allegations set forth in paragraph 31 of the Plaintiff's Complaint. Admit the FDCPA requirement set forth therein. Otherwise, deny the remaining allegations set forth in said paragraph 31.

10. In regard to the "CLASS ALLEGATIONS" set forth in paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48 and 49 of the Plaintiff's Complaint the Defendant denies that the herein action may be certified as a class action pursuant to the mandates of Fed. R. Civ. P. 23.

11. In regard to the allegations set forth in paragraph 50 of the Plaintiff's Complaint refer to each and every other paragraph set forth herein and incorporate said paragraphs by reference herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. The Plaintiff has failed to mitigate his alleged actual damages.

If any dispositive motion filed by the Defendant does not result in a complete judgment for the Defendant and trial of the herein matter is necessitated then the Defendant respectfully requests a trial by jury.

DATED: October 28, 2015

/ s /    *Robert L. Arleo*
ROBERT L. ARLEO, ESQ.
 (RA 7506)
Attorney for the Defendant
380 Lexington Avenue
17th Floor
New York, New York  10168
(212) 551-1115


TO: MAXIM MAXIMOV, LLP
      1701 Avenue P
      Brooklyn, New York   11229